Case 5:18-cv-00102   Document 28   Filed on 04/18/19 in TXSD   Page 1 of 7

United States District Court
Southern District of Texas
**ENTERED**
April 18, 2019
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | |
|---|---|
| JUNIOR RAFAEL VARGAS-GUZMAN § <br> § <br> Petitioner, § <br> VS. § <br> § <br> UNITED STATES OF AMERICA § <br> § <br> Respondent. § | § <br> § <br> § <br> § CIVIL ACTION NO. 5:18-CV-102 <br> § CRIMINAL ACTION NO. 5:15-CR-1166-1 <br> § <br> § <br> § |

### REPORT AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Petitioner Junior Rafael Vargas-Guzman, *pro se*, filed a Second/Successive § 2255 Motion challenging his conviction and 40-month sentence for illegal re-entry of a deported alien in violation of 8 U.S.C. §§ 1326(a) and 1326 (b)(2). ("Motion," Dkt. No. 1, Cr. Dkt. No. 73.)[1] The District Court has referred this matter to the undersigned United States Magistrate Judge. (Dkt. No. 8.) Now before the Court is the United States' Motion to Dismiss in which it is moving to dismiss the Motion due to lack of prosecution. (Dkt. No. 24.) Pursuant to 28 U.S.C. § 636(b)(1)(B), the Magistrate Judge respectfully submits this Report and Recommendation recommending that the Court **GRANT** Respondent's Motion to Dismiss, **DENY** Petitioner's Motion, and **DISMISS** this civil action without prejudice.

I. Background

A. Petitioner's Conviction and First § 2255 Motion

On February 10, 2016, this Court sentenced Petitioner to 40 months' imprisonment after he pled guilty to a single count for illegal re-entry after prior deportation in violation of 8 U.S.C. § 1326. (Cr. Dkt. No. 36.) The Court previously summarized the circumstances of Petitioner's

---

[1] "Dkt. No." refers to the civil case and "Cr. Dkt. No." refers to the Petitioner's criminal case, 5:15-cr-1166-1.

underlying criminal action and his subsequent appeal:

> [Petitioner], a Dominican citizen, was once a legal permanent resident living in New York. He was deported in 2012 after three New York felony convictions, including second-degree robbery. Following deportation, he illegally re-entered the United States and was arrested in Laredo, Texas. On September 30, 2015, he was indicted for illegal re-entry following deportation. He pled guilty one month later. In December 2015, he filed a "Motion for Ineffective Assistance of Counsel" and a "Motion to Withdraw Plea of Guilty," claiming his attorney should have filed certain motions, should have provided him with certain documents, and should have collaterally attacked Defendant's prior deportation. The Court denied these motions, finding that [Petitioner] knowingly and voluntarily pled guilty to illegal re-entry following deportation and did not show sufficient likelihood of success if he were allowed to withdraw his guilty plea to collaterally attack his deportation. In January 2016, [Petitioner] moved again to dismiss his lawyer from this case, which the Court again denied.
>
> The Court originally scheduled sentencing for January 22, 2016, but granted a continuance to allow [Petitioner] to review certain evidence. On February 10, 2016, [Petitioner] was sentenced to 40 months' imprisonment. [Petitioner] appealed the Court's denial of his Motion to Withdraw Guilty Plea. The Fifth Circuit affirmed the Court's judgment, finding that [Petitioner] failed to show "that he likely could have mounted a successful collateral attack on his deportation proceeding." *United States v. Vargas-Guzman*, 676 F.App'x 370, 371 (5th Cir. 2017).

(Cr. Dkt. No. 62 at 1-2 (internal citations omitted).) Following his unsuccessful appeal, Petitioner filed his first § 2255 motion premised on four interrelated claims: (1) ineffective assistance of appellate counsel; (2) his New York robbery conviction was not a crime of violence; (3) ineffective assistance of counsel before the Board of Immigration Appeals; and (4) lack of subject matter jurisdiction. (Cr. Dkt. No. 60.) The Court subsequently denied this motion. (Cr. Dkt. No. 62.)

### B. The Successive Motion

After obtaining consent from the Fifth Circuit Court of Appeals to file a successive § 2255 motion, Petitioner filed the instant Motion, which requests reconsideration of his conviction and sentence in light of a new constitutional rule created in *Sessions v. Dimaya*, 138 S. Ct. 1204,

200 L. Ed. 2d 549 (2018). (Dkt. No. 1, Dkt. No. 1-1.) "In *Dimaya*, the Supreme Court held that the definition of a 'crime of violence,' found at [18] U.S.C. § 16(b), was unconstitutionally vague as applied and incorporated into the immigration law." *Melendez-Jimenez v. U.S.*, No. CR B:15-168-1, 2018 WL 3720064, at *5 (S.D. Tex. July 11, 2018), *report and recommendation adopted*, No. 1:15-CR-168-1, 2018 WL 3708503 (S.D. Tex. Aug. 3, 2018) (citing *Dimaya*, 138 S. Ct. at 1223).

Petitioner argues that his prior deportation order was unlawfully premised on a finding, under 18 U.S.C. § 16(b), that his New York state conviction for attempted robbery was a "crime of violence." (Dkt. No. 6 at 3–7.) Therefore, Petitioner asserts that his conviction for illegal re-entry following deportation must be reversed as it now lacks the requisite predicate prior deportation. (*Id.* at 7.) Petitioner further contends that the holding in *Dimaya* renders unlawful the 16-level sentencing enhancement he received (based on his prior robbery conviction, a "crime of violence"). (*Id.* at 3, Cr. Dkt. No. 26 at 5–6.)

### C. Petitioner's Release from Custody and His Failure to Update His Mailing Address

After filing his successive Motion, Petitioner was subsequently released from prison on August 6, 2018. (Dkt. No. 24, Exh. A.) On August 12, 2018, Petitioner then filed a Notice of Change of Address requesting the Court serve him at the LaSalle ICE Processing Center in Trout, Louisiana. (Dkt. No. 7.) However, despite Petitioner filing a change of address form, the District Clerk continued to send mail to Petitioner's former address rather than his new address at the LaSalle ICE Processing Center. (Dkt. No. 25.) Upon discovery of this error, the undersigned ordered the District Clerk to send previously undelivered filings to Petitioner's last known address at the LaSalle ICE Processing Center to effectuate adequate service. (*Id.*) All of these filings were sent to the LaSalle ICE Processing Center but were returned to the District

Clerk as undeliverable. (Dkt. No. 27.)

On October 23, 2018, the undersigned ordered the United States to respond to the Motion. (Dkt. No. 11.) In this Order, the undersigned further instructed Petitioner to update the District Clerk of any change to his mailing address and that a failure to do so may result in dismissal due to his failure to prosecute. (*Id.*)

Since filing the Change of Address, however, Petitioner can no longer be reached at LaSalle ICE Processing Center. *See Online Detainee Locator System*, U.S. Immigration and Customs Enforcement, https://locator.ice.gov/odls/ (last visited April 18, 2019).

## II. Motion to Dismiss

Pursuant to Federal Rule of Civil Procedure 41(b), the United States moved to dismiss this matter due to Petitioner's failure to prosecute this matter after his failure to update the Court of his current address. (Dkt. No. 24.) Because neither the United States nor the Court can correspond with Petitioner, the United States requests that the Court dismiss this action or, in the alternative, enter an order for Petitioner to show cause as to why dismissal is not warranted. (*Id.* at 5.) Illustrating this inability to contact Petitioner, the United States cited to and attached as exhibits to its Motion to Dismiss correspondence to Petitioner from both Respondent and the District Clerk that were returned as undeliverable. (Dkt. Nos. 16, 19, 21, 22, 23, & 24 at Exh. B.) To date, Petitioner has yet to respond to the Government's Motion to Dismiss.

### A. Legal Standard

Federal Rule of Civil Procedure 41(b) permits a defendant to move to involuntarily dismiss an action "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Even when a defendant does not move to dismiss pursuant to Rule 41(b), "[t]he court possesses the inherent

authority to dismiss the action *sua sponte*, without motion by a defendant." *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962)).

Southern District of Texas Local Rule 83.4 states "[a] lawyer or *pro se* litigant is responsible for keeping the clerk advised in writing of the current address." While a court should be "appropriately lenient" with a party proceeding *pro se*, "[t]he right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law." *Hulsey v. Texas*, 929 F.2d 168, 171 (5th Cir. 1991) (quoting *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981)). Courts may involuntarily dismiss a habeas petition when a petitioner fails to maintain a current mailing address because "failure to advise the clerk of any address changes suggest[ed] that [the petitioner] has lost interest in pursuing the claims asserted in his petition." *Figueroa-Hernandez v. United States*, No. CIV.A. M-02-398, 2005 WL 2263462, at *3 (S.D. Tex. Aug. 31, 2005) (dismissing a § 2255 petition when the petitioner failed to provide a mailing address after his release from prison and detention by immigration authorities).

### B. Analysis

Petitioner last contacted the Court on August 16, 2018, when he filed his Notice of Change of Address to apprise the Court of his move to the LaSalle ICE Processing Center. (Dkt. No. 7.) Since then, the District Clerk and the United States have attempted to serve numerous pleadings, all of which have been returned to sender. (Dkt. Nos. 24 at Exh. B & 27.) Petitioner's failure to meet his continuing obligation now prevents the Court from contacting him, serving notice, and updating him on the status of his matter—actions inherent to continuing litigation. This failure suggests that Petitioner has lost interest in further pursuing this matter. *See Figueroa-Hernandez*, 2005 WL 2263462, at *3. Therefore, due to Petitioner's failure to update

his address or otherwise advise the Court as to whether he wishes to continue prosecuting his claims, Petitioner's Second/Successive § 2255 Motion should be dismissed without prejudice pursuant to Rule 41(b).

### III. Conclusion

The Magistrate Judge respectfully recommends that the United States' Motion to Dismiss (Dkt. No. 24) be **GRANTED,** that Petitioner's Second/Successive § 2255 Motion (Dkt. No. 1) be **DENIED**, and this civil action be **DISMISSED WITHOUT PREJUDICE**.

### Warnings

The Parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc)).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after being served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations and, except upon grounds of plain error, shall bar the party from appellate review of proposed factual findings and legal conclusions accepted by the District Court to which no objections were filed. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn,* 474 U.S. 140, 150-53 (1985).

The District Clerk is directed to send a copy of this Report and Recommendation via certified mail to the Petitioner's last known address.

**SIGNED** this 18 day of April, 2019.

_____
Sam S. Sheldon
United States Magistrate Judge